# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

**TOWANDA R. FUTRELL,**

    **Plaintiffs,**

v.                                                       **CIVIL ACTION NO.: 4:23-cv-00118**

**DANIEL L. CRAMER,** *et al.*

    **Defendants.**

## CRAMER'S BRIEF IN SUPPORT OF THE MOTION TO EXCLUDE PLAINTIFF'S EXPERT, PAUL HERBERT

Defendant, Daniel L. Cramer, by counsel, in support of his Motion to Exclude Plaintiff's Expert, Paul Herbert from trial, states as follows:

### I. Summary of Argument

This is a personal injury action arising from a motor vehicle collision which occurred on December 16, 2022 on Interstate 64 in York County, Virginia. In support of her claims, Plaintiff has identified Paul Herbert as a purported expert in "Motor Vehicle Safety and compliance."

Without proper foundation or analysis, and with no opinion as to causation, Mr. Herbert concludes that Mr. Cramer was fatigued and that his logbooks were altered in violation of "industry standards and FMCSA regulations." Critically, his purported opinions are based only on his review of the Amended Complaint, the FR-300 police report, and the depositions of Mr. Cramer and AV Leasing, LLC,[1] none of which provide any factual basis for Mr. Herbert's conclusions. Mr. Herbert's opinions are nothing more than a regurgitation of the allegations in the amended complaint, re-asserted under the guise of "expert opinions."

---

[1] The Amended Complaint, police report, and the depositions of Cramer and AV Leasing, LLC are attached as Exhibits B-E.

Mr. Herbert opinions are inadmissible because they are speculative, unreliable, and lack any foundation or methodology. Further, his conclusions are inadmissible conclusions of law that invade the province of the jury. In other words, Mr. Herbert's opinions will not assist the trier of fact and possess no evidentiary value. As such, this Court should exclude Mr. Herbert's testimony pursuant to Federal Rule of Evidence 702.

II. **Legal Standard**

Federal Rule of Evidence 702 permits opinion testimony from a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" if that testimony satisfies four conditions that connect the witness's expertise to the litigation:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. *See*, *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

Under *Daubert*'s standard, judges applying Rule 702 must serve as "'gatekeepers of expert testimony' to protect the judicial process from 'the potential pitfalls of junk science.'" *Sardis v. Overhead Door Corp.*, 2021 U.S. App. LEXIS 24960, at *1 (4th Cir. 2021) (quoting *United States v. Bonner*, 648 F.3d 209, 215 (4th Cir. 2011)). The gatekeeping responsibility of the trial courts is to assure that an expert's opinions have a factual basis grounded in sound data, principles, and methodology. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999).

Importantly, this gate-keeping requirement extends to all expert testimony, regardless of the witness's area of expertise. *Id.* at 147. An expert must consider all relevant and necessary evidence when rendering an opinion. *Kribbs v. Wal-Mart Stores E., L.P.*, 2006 U.S. Dist. LEXIS 43453 (E.D. Va 2006) (citing *Griffin v. Spacemaker Group*, 486 S.E. 2d 541, 544 (Va. 1997)

(stating expert testimony "cannot be speculative or founded upon assumptions that have an insufficient factual basis" and the expert must consider "all the variables that bear upon the inferences to be deduced from the facts observed")). An expert's report "must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *Goodrich v. John Crane, Inc.*, U.S. Dist. LEXIS 235617 at *5 (E.D. Va. 2018).

Other factors in determining whether expert testimony is sufficiently reliable to be considered by the trier of fact include: (1) Whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion (*See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (noting that a trial court "may conclude that there is simply too great an analytical gap between the data and the opinion proffered"); and (2) Whether the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *See Kumho* supra at 152.

The Court must "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Nease v. Ford Motor Co.,* 848 F.3d 219, 229 (4th Cir. 2017). (quoting *Daubert* supra at 597). In other words, *Daubert* established a two-part test for the admissibility of expert testimony: reliability and relevance. *Id.* at 589. The question of whether an expert is qualified, whether expert opinion has factual foundation, and if the expert's testimony is reliable, depends on the facts and circumstances of the particular case. *Kumho* supra*.* at 158. The proponent of expert testimony must satisfy both requirements by a preponderance of proof. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001). The failure of a trial court to address the relevance and admissibility of an expert's testimony before it is presented to a jury is an abuse of discretion. *Nease*, *supra*.

### III. Argument

#### 1. *Paul Herbert's Purported Expert Opinions Lack the Requisite Foundation, are Not Based on Sufficient Facts, and Should be Excluded.*

   *i. The materials relied upon by Mr. Herbert cannot form a sufficient basis for his opinions.*

Mr. Herbert's report, attached as Exhibit A, consists of 13 pages – the vast majority of which addresses Mr. Herbert's experiences and copy-and-pasted "industry standards" and purportedly relevant FMCSR regulations. Indeed, despite its length, Mr. Herbert's "opinions" account for, at best, a single page of the 13-page report. His report provides a general recitation of the facts alleged in Plaintiff's amended complaint, before concluding, without any explanation as to how or why he reached such a conclusion, that Mr. Cramer's "failure to adhere to driving hours and potential fatigue, coupled with inadequate oversight by AV Leasing and Triton Logistics, demonstrates a lack of adherence to industry standards and FMCSRs." Exhibit A at age 13. Notably missing, however, is any opinion regarding whether the alleged failures or oversights have anything to do with the subject accident.

While Mr. Herbet states that he "thoroughly reviewed the materials and depositions related to the case," his opinions regarding the alleged "lack of adherence to industry standards and FMCSRs" are conclusory and unsupported. Critically, as noted above, Mr. Herbert's opinions are based on his review of only the Amended Complaint, the police report, and the depositions of Mr. Cramer and AV Leasing, LLC. Simply put, Mr. Herbert's opinions are not based on an adequate factual foundation, but rather consist of tailored conclusions intended to parrot the self-serving allegations in the Amended Complaint. This is insufficient under *Daubert* and its progeny, and Mr. Herbert should be excluded from trial.

> ii. *Mr. Cramer's deposition provides no basis for the conclusion that he was fatigued or over his allotted drive time.*

Mr. Herbert claims to rely on the deposition of Cramer, which he admits "reveal ambiguity" as it pertains to Mr. Cramer's drive-time prior to the crash. Notably, however, <u>nowhere</u> in Mr. Cramer's deposition does he offer any testimony from which Mr. Herbert could conclude that Mr. Cramer's fatigue played a role in the crash. In fact, the opposite is true – Mr. Cramer testified that he did not fall asleep at the wheel, that he had sufficient rest prior to the crash, and that his logs reflected that he was within his allotted drive-time. In other words, Mr. Cramer's deposition testimony cannot form the basis of Mr. Herbert's opinions.

> iii. *AV Leasing, LLC's deposition testimony provides no basis for Herbert's conclusions..*

Similarly, Mr. Herbert states in his report that he reviewed the deposition transcript of AV Leasing, LLC's corporate designee in reaching his conclusions. It cannot be understated, however, that AV Leasing, LLC was merely the lessor of the tractor that Mr. Cramer was operating at the time of the crash and had absolutely no involvement in the operation of Triton Logistics, Inc., and nothing to do with the operation or dispatch of the subject tractor, the transportation of freight, maintaining driver's logs, etc. Further, as set forth *ad nauseum* during AV Leasing, LLC's deposition, it has no knowledge regarding the facts surrounding the crash. As such, Mr. Herbert's claim that AV Leasing, LLC's deposition provided sufficient foundation for his conclusions is without merit.

> iv. *The Police Report does not contain any information regarding driver fatigue or fabricated driver logs and cannot provide any legitimate basis or foundation for Mr. Herbert's opinions.*

Similarly, Mr. Herbert contends that he relied on the FR-300 Police Report in reaching his conclusion that Mr. Cramer was fatigued and that his logbooks were altered in violation of

"industry standards and FMCSA regulations." This report, however, does not indicate anywhere that Mr. Cramer had fallen asleep behind the wheel or that his log books were improperly altered. As such, the Police Report cannot serve as the foundation for Mr. Herbert's purported opinions.

>    v.   *Mr. Herbert's report and opinions are merely a recitation of the allegations in the amended complaint. This is not proper expert testimony.*

As noted above, nothing in the Police Report or the depositions of Mr. Cramer or AV Leasing, LLC could have provided factual support for the conclusions set forth in Mr. Herbert's report. Instead, Mr. Herbert has simply recited the allegations in Plaintiff's amended complaint under the guise of an "expert opinion" without providing any explanation of how or why he reached his conclusions.

An expert witness who, like here, merely reviews the pleadings and depositions and then attempts to tell the jury what it all means, is not offering expert testimony but rather giving the jury his or her spin on the evidence and expecting the jury to accept it as true merely because he or she says so. This is improper. *See Holesapple v. Barrett*, 5 Fed. App'x 177, 180 (4th Cir. 2001) (unpublished opinion) ("[I]t is still a requirement that the expert opinion evidence be connected to existing data by something more than the 'it is so because I say it is so' of the expert."); *Cooper v. Smith & Nephew, Inc.,* 259 F.3d at 203 (4th Cir. 2001) (noting that the Supreme Court has repeatedly held that a district court is not required to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert); *ePlus, Inc. v. Lawson Software, Inc.*, 764 F. Supp. 2d 807, 813 (E.D. Va. 2011) (the prohibition on *ipse dixit* testimony by an expert forbids an unproven assertion resting on the bare authority of the expert). Here, Mr. Herbert's opinions are bare assertions that rest merely on his authority. They are nothing more than *ipse dixit* testimony and, as such, are inadmissible and should be excluded.

### 2. Paul Herbert's Opinions are Unreliable and Speculative and Should be Excluded.

Although the reliability inquiry differs depending on the type of opinion offered, "district courts must ensure that an expert's opinion is based on scientific, technical, or other specialized knowledge and not on belief or speculation." *Sardis* supra at *16 (internal quotations and citation omitted).

Mr. Herbert, while beginning his report with the statement that the cause of the incident is "yet to be fully ascertained," reaches the factually unsupported conclusion that Defendants failed to adhere to "industry standards and FMCSRs." Mr. Herbert fails to disclose how the standards are relevant to the facts of this case, how the Defendants violated the standards (or identify which standards were allegedly breached), or how those alleged violation(s) in any way are related to the subject incident. Mr. Herbert's conclusions are nothing more than unsupported extrapolations and stem from his vague, subjective, and speculative beliefs. As such, these opinions are not sufficient to support an admissible "expert" opinion.

A proffered expert's "mere 'say so' that Defendant's conduct violated 'the industry standard' does not constitute a reliable opinion." *Robles v. United States*, 2020 U.S. Dist. LEXIS 210732, at *8 (E.D. Va. 2020). This is precisely what Mr. Herbert has done – taken Plaintiff's allegations and worked backwards, without any factual foundation, to manufacture an expert opinion. Mr. Herbert's opinions are not based on his own inspection of the vehicles involved, any data downloaded from the subject vehicles, any investigative materials from law enforcement, or the allegedly modified log books. Instead, as noted above, Mr. Herbert's opinions lack foundation and seem to be based on Mr. Cramer's deposition testimony, which he concedes "reveal ambiguity" as it pertains to Mr. Cramer's drive-time prior to the crash. Critically, however, as noted above,

nothing in Mr. Cramer's deposition testimony could be interpreted to as an admission that Mr. Cramer was fatigued or that his log books had been altered.

Mr. Herbert's opinions are precisely the kind of speculative, vague and ambiguous opinions this Court should exclude. Mr. Herbert's opinions are not based on any sort of scientific, technical, or specialized knowledge, but purely on speculation and, critically, are nothing more than a self-serving restatement of Plaintiff's allegations. Further, Plaintiff has failed to establish that Mr. Herbert's testimony rests on a reliable foundation, thus his opinions must be excluded from trial. *See, e.g., Norfolk & Portsmouth Belt Line R.R. Co. v. M/V Marlin*, 2009 U.S. Dist. LEXIS 104327, at *21 (E.D. Va. 2009) (the proponent has the burden of establishing the admissibility of an expert's opinion). Simply put, Mr. Herbert's opinions are not reliable and will not assist the jury, and therefore, they should be excluded from trial.

3. ***The Jury Does Not Need the Assistance of an Expert Witness to Decide the Issues in This Case.***

The vast majority of Mr. Herbert's report is a recitation of various "industry standards" and FMCSA regulations pertaining to driving safety, allowable drive time, safe following distances, and the like. Assuming that admissible evidence is presented to the Court relating to Mr. Cramer's alleged fatigue and/or allegedly manipulated driver's logs, the jury does not need the assistance of an expert witness to determine if Defendants' conduct violated any applicable law or regulation. Not only is this an inadmissible conclusion of law,[2] but the jury is perfectly capable of reading the code, regulation, or statute and determining whether or not Defendants' conduct was compliant with the applicable law. This is precisely the role of the fact finder and these decisions must be left to the jury. *See Sardis v. Overhead Door Corp.*, 2019 U.S. Dist. LEXIS 22940 (E.D. Va. 2019)

---

[2] *See, e.g., Hopeman Bros., Inc. v. Under Seal Cont'l Cas. Co.*, 2018 U.S. Dist. LEXIS 231303 (E.D. Va. 2018) (quoting *Donnert v. Feld Entomb 't, Inc.*, 2013 U.S. Dist. LEXIS 192712 (E.D. Va. 2013) ("Under federal law, experts cannot testify as to conclusions of law."))

(quoting *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986) ("Rule 702 makes inadmissible expert testimony as to a matter which obviously is within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance.")).

Mr. Herbert's opinions constitute improper conclusions of law and invade the province of the jury. Cramer's motion should be granted.

**IV.  Conclusion**

Mr. Herbert's opinions are inadmissible because they are purely speculative, unreliable, and lack any recognizable foundation or methodology. Further, his conclusions are inadmissible conclusions of law that invade the province of the jury. For the reasons set forth herein, Cramer's Motion should be granted and Mr. Herbert's should be excluded from trial.

WHEREFORE, Defendant, Daniel L. Cramer, by counsel, requests that this Court grant his motion and enter an Order excluding Plaintiff's expert, Paul Herbert, from testifying at the trial of this matter, and for whatever further relief the Court deems appropriate.

Date:   September 6, 2024                              DANIEL LEE CRAMER

                                                                            */s/*
                                                                            Shawn A. Voyles, Esquire (VSB #43277)
                                                                            SAVoyles@va-law.com
                                                                            Paul R. Schmeding, Esquire (VSB #89542)
                                                                            PRSchmeding@va-law.com
                                                                            McKenry Dancigers Dawson, PC
                                                                            192 Ballard Court, Suite 305
                                                                            Virginia Beach, VA 23462
                                                                            Ph.:    (757) 461-2500
                                                                            Fax:    (757) 461-2341
                                                                            **Counsel for Defendant**
                                                                            **Daniel Lee Cramer**

# CERTIFICATE OF SERVICE

      I hereby certify that on the 6th day of September, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Christopher FitzPatrick
Morgan & Morgan, DC PLLC
1901 Pennsylvania Ave., NW, Suite 300
Washington, DC 20006
cfitzpatrick@forthepeople.com
***Counsel for the Plaintiff***

Terrence L. Graves, Esq.
tgraves@sandsanderson.com
Aaisha M. Sanaullah, Esq.
asanaullah@sandsanderson.com
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, VA 23219-1998
***Counsel for Defendants***
***AV Leasing, LLC***

Danielle D. Giroux, Esq.
dgiroux@hccw.com
Angela R. MacFarlane, Esq.
amacfarlane@hccw.com
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
***Counsel for Antonio Wiggins and***
***Futrells Party Adventures, LLC***

                                                */s/*
                                Shawn A. Voyles, Esquire (VSB #43277)
                                SAVoyles@va-law.com
                                Paul R. Schmeding, Esquire (VSB #89542)
                                PRSchmeding@va-law.com
                                McKenry Dancigers Dawson, PC
                                192 Ballard Court, Suite 305
                                Virginia Beach, VA 23462
                                Ph.:    (757) 461-2500
                                Fax:   (757) 461-2341
                                ***Counsel for Defendant***
                                ***Daniel Lee Cramer***