IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

TOWANDA R. FUTRELL

    *Plaintiff*

v.                                                                            Civil Action No.: 4:23-cv-00118

DANIEL L. CRAMER,

AV LEASING, LLC,

TRITON LOGISTICS, INC.,

WDTC, LLC,

and

DANIEL L. CRAMER

    *Defendants.*

## DEFENDANTS/THIRD-PARTY PLAINTIFFS' AV LEASING, LLC AND TRITON LOGISTICS, INC.'S BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S EXPERTS, DR. DALLAS LEA, II, M.D. and PAUL V. HERBERT

COME NOW the Defendants/Third-Party Plaintiffs, AV Leasing, LLC ("AV Leasing") and Triton Logistics, Inc. ("Triton") (collectively, the "Defendants"), by counsel, and state the following in support of their Motion in *Limine* to exclude the testimony of Plaintiff's experts, Dallas Lea, II, M.D. and Paul V. Herbert, due to the fact that their opinions lack the requisite foundation.

        **I.**         **FACTUAL BACKGROUND**

This is a personal injury action arising out of a collision that occurred on December 16, 2022 on Interstate 64 in York County, Virginia. Plaintiff was the passenger of a party bus operated by Third-Party Defendant Antonio Wiggins and owned by Third-Party Defendant

Futrells Party Adventures ("FPA"). Plaintiff is the sole owner of FPA. Defendant Cramer was operating a tractor-trailer owned by AV Leasing and leased by Triton. Plaintiff alleges that Cramer's vehicle collided with the rear of the party bus, causing her to sustain physical, mental, and emotional injuries. In support of her claims, Plaintiff has designated Dr. Dallas Alexander Lea, II and Paul V. Herbert as expert witnesses. Plaintiff designated Dr. Lea as an expert in orthopedic surgery and Mr. Herbert as an expert in Motor Vehicle Safety and Compliance. Both should be excluded for the below-stated reasons.

## II.     LEGAL STANDARD

Federal Rule of Evidence 702 permits "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" to testify if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence to determine a fact in issue." *See* Fed. R. Ev. 702. However, the testimony must be "based on sufficient facts or data," "the product of reliable principles and methods," and the expert must "reliably" apply "the principles and methods to the facts of the case." *See id.*

Interpreting this Rule, the United States Supreme Court has determined that a trial judge must act as a "gatekeeper" and has an "obligation to exclude unreliable expert testimony." *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589, 113 S. Ct. 2786 (1993). In *Daubert*, the Court set out five factors that can be used to determine the reliability and thus the admissibility of expert testimony and evidence: "(1) whether it can be tested, or whether it is merely subjective and conclusory; (2) whether it has been subject to peer review and publication; (3) whether potential error rates are known; (4) whether there are standards controlling the technique's operation; and (5) whether it is generally accepted in the scientific community." *See Merritt v. Old Dominion Freight Line, Inc.,* No. 6:07-CV-27, 2011 WL 322885, *4 (W.D. Va. Feb. 2, 2011) (citing *Daubert*, 509 U.S. at 593-94).

Some experts do not testify as to their scientific or technical knowledge but are able to present to the court "other specialized knowledge" which can aid the trier of fact. *See* Fed. R. Ev. 702. These so-called "industry" experts may present to a court an opinion which is "grounded in experience in a particular field" and therefore cannot be "tested, subject to peer review and publication." *See Merritt*, 2011 WL 322885 at *5. "Although '[e]xperiential expert testimony . . . does not rely on anything like a scientific method,' such testimony is admissible under Rule 702 so long as an experiential witness 'explain[s] how [his] experience leads to the conclusion reached, why [his] experience is a sufficient basis for the opinion, and how [his] experience is reliably applied to the facts.'" *See id.* at *5 (*quoting United States v. Bynum*, 604 F.3d 161, 167 (4th Cir. 2010)).

### III. ARGUMENT

**A. Dr. Lea was not properly designated as an expert in life care planning and lacks the requisite foundation to opine as Plaintiff's life care planning expert.**

Plaintiff designated Dr. Lea as an expert in orthopedic surgery. *See* Pl's Expert Designations at 6, attached hereto as **Ex. A.** Dr. Lea is expected to testify about Plaintiff's injuries to her broken right ankle, sprained left ankle, broken eye socket and broken left jaw. *Id.* He is also expected to testify that "all Plaintiff's medical treatment and hospitalization was proximate[ly] cause[d] [by] defendant Daniel Cramer's negligence that occurred on December 16, 2022." *Id.* at 7. There are several issues with Dr. Lea's designation.

Firstly, Dr. Lea is not an expert in orthopedic surgery. He admitted to this during his deposition taken by Defendants on September 6, 2024.[1] Dr. Lea's CV describes him as a spinal cord injury physician. *See* Dr. Lea's CV, attached hereto as **Ex. B.** To his credit, Plaintiff's counsel said that this error was a typo. However, this does not cure the issue; Dr. Lea is expected to opine that Defendant Cramer's negligence proximately caused Plaintiff's injuries.

---

[1] Dr. Lea's deposition transcript was not available in time for Defendants to include it in their Motion in *Limine*. Defendants are filing this Motion to comply with the Court's deadline but request the opportunity to further brief this issue once they obtain Dr. Lea's deposition transcript.

*See* Pl's Expert Designations at 7. This is inappropriate testimony for a medical provider to provide because proximate causation is a legal determination. Plaintiff's designation of Dr. Lea is therefore incorrect in several ways.

Dr. Lea provided a life care plan, attached hereto as **Ex. C**, as his expert report. Dr. Lea concludes that $265,804.31 is the amount that can be reasonably anticipated for Plaintiff's future medical care and needs. **Ex. C** at 10. The life care plan is a projection of Plaintiff's current and future medical needs. For example, the life care plan estimates $90,069.84 for house cleaning, due to the anticipated issues Plaintiff may have in connection with her claimed injuries. The life care plan also separately accounts for yearly visits to her primary care provider, ophthalmologist evaluations, and an ear, nose, and throat evaluation. *Id.* at 11. Dr. Lea also accounted for psychological counseling for Plaintiff's lifetime, totaled at $5,562.20. *Id.* at 12.

Dr. Lea's life care report, and any testimony regarding it, lacks the proper foundation. Dr. Lea admitted that he has never treated Plaintiff. She was not his patient. He did not interview her or ask her questions that informed his decisions of what she needs now and in the future. For example, he does not know whether her injuries and long-term symptoms require house cleaning or whether she has the familial support to take care of such necessary and basic chores. He has not spoken to her about her emotional injuries to determine what extent of psychological counseling she requires. He also separates her routine ophthalmologist evaluations from her visits to her primary care physician, based on the assumption that many patients do not bring up every medical issue they are experiencing in one visit.

Dr. Lea's life care report is speculative. The report is not founded in any experience Dr. Lea has with Plaintiff as his patient or he as her treating physician. The report is not founded on

any knowledge about Plaintiff's life, her support system, or her unique needs. At best, Dr. Lea is surmising, and guesses are not proper expert testimony.

Thus, Defendants move to exclude Plaintiff's expert, Dr. Lea, on the basis that he lacks the proper foundation to testify. Additionally, Defendants request the opportunity to brief this issue further once they have Dr. Lea's deposition transcript. Despite their best efforts to obtain the transcript, Defendants were informed that the transcript is not yet available. Defendants are filing this Motion in *Limine* today to comply with the Court's deadline for non-dispositive motions but would appreciate the opportunity to support their arguments with specific references to Dr. Lea's testimony.

**B. Plaintiff's expert Paul V. Herbert should be excluded because his opinions are not based on sufficient facts and lack the proper foundation.**

Defendants fully adopt the arguments made by Daniel Cramer in his Motion to Exclude Plaintiff's Expert Paul Herbert filed on September 6, 2024. *See* ECF No. 102. Defendants request that this Court exclude Mr. Herbert for the reasons stated therein.

### IV. CONCLUSION

Thus, for the reasons stated above, Defendants/Third-Party Plaintiffs AV Leasing, LLC and Triton Logistics, Inc. respectfully move this Court to grant their Motion in *Limine* and exclude Plaintiff's experts Dr. Dallas Lea, II and Paul V. Herbert on the basis that their opinions lack the proper foundation.

    Respectfully submitted,

    AV LEASING, LLC
    and
    TRITON LOGISTICS, INC.

By Counsel

*/s/ Aaisha M. Sanaullah*
Terrence L. Graves, Esq. (VSB No. 32705)
Aaisha M. Sanaullah, Esq. (VSB No. 98389)
SANDS ANDERSON PC
919 East Main Street, Suite 2300
P.O. Box 1998
Richmond, VA 23218-1998
Telephone: (804) 648-1636
Fax: (804) 783-7291
tgraves@sandsanderson.com
asanaullah@sandsanderson.com
*Counsel for Defendants/Third-Party*
*Plaintiffs AV Leasing, LLC and*
*Triton Logistics, Inc.*

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 17th day of September, 2024, a true copy of the foregoing was electronically filed using the CM/ECF system, which sends notification of such filing to the following counsel of record listed below:

| | |
|---|---|
| Christopher M. Fitzpatrick (VSB No. 90394) | Shawn A. Voyles, Esquire (VSB No. 43277) |
| Waleed Risheq, Esq. (VSB No. 94962) | Paul R. Schmeding, Esquire (VSB #89542) |
| MORGAN & MORGAN, DC PLLC | MCKENRY DANCIGERS DAWSON, PC |
| 1901 Pennsylvania Avenue NW, Suite 300 | 192 Ballard Court, Suite 400 |
| Washington, DC 20006 | Virginia Beach, VA 23462 |
| Telephone: (202) 772-0566 | Telephone: (757) 461-2500 |
| Fax: (202) 772-0616 | Fax: (757) 461-2341 |
| cfitzpatrick@forthepeople.com | SAVoyles@va-law.com |
| wrisheq@forthepeople.com | PRSchmeding@va-law.com |
| *Counsel for Plaintiff Towanda Futrell* | *Counsel for Defendants Daniel Lee Cramer and WDTC, LLC* |

Angela R. MacFarlane, Esq.
Danielle D. Giroux, Esq.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
804-762-8006 –Phone
804-747-6085 - Fax
dgiroux@hccw.com
amacfarlane@hccw.com
*Counsel for Antonio Wiggins &
Futrell's Party Adventures, LLC*

                                                                                     */s/    Aaisha M. Sanaullah*
                                                                              Aaisha M. Sanaullah, Esq. (VSB No. 98389)
                                                                              SANDS ANDERSON PC
                                                                              919 East Main Street, Suite 2300
                                                                              P.O. Box 1998
                                                                              Richmond, VA 23218-1998
                                                                              Telephone: (804) 648-1636
                                                                              Fax: (804) 783-7291
                                                                              asanaullah@sandsanderson.com
                                                                              *Counsel for Defendants/Third-Party
                                                                              Plaintiffs AV Leasing, LLC and
                                                                              Triton Logistics, Inc.*