IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| TOWANDA R. FUTRELL, <br><br> Plaintiff, <br><br> v. <br><br> AV LEASING LLC *and* DANIEL L. CRAMER, <br><br> Defendants / Third-Party Plaintiffs, <br><br> v. <br><br> ANTONIO WIGGINS *and* FUTRELLS PARTY ADVENTURES, LLC, <br><br> Third-Party Defendants. | Case No. 4:23-cv-118 |

## ORDER

"To err is human; to forgive, divine."

This concept, as first espoused in English poet Alexander Pope's work, "An Essay on Criticism," is a principle this Court has taken to heart. It evinces the belief that no person is perfect, that we all make mistakes. But there comes a point in time where those errors, like all of our actions, have consequences. This is that time.

On September 26, 2024, this Court entered an Order to Show Cause in this case. ECF No. 135. That Order was based on the Court's independent assessment of the plaintiff's Amended Complaint. As the parties are acutely aware, the Court has an obligation to ensure that complaints filed before it are well-pleaded and comply with the requirements of the Federal Rules of Civil Procedure. In the Amended

Complaint, the plaintiff asserts claims of *respondeat superior* against two entities—Triton Logistics, Inc. ("Triton") and WDTC, LLC ("WDTC"). ECF No. 43 ¶ 14. But it does not specifically allege any such claim against AV Leasing, LLC ("AV Leasing"). And it is unclear why. Perhaps it was a copying and pasting error. Maybe so. After all, this Court's review of counsel's pleadings suggests a repeated practice of such errors. Perhaps it was a lack of understanding about AV Leasing's role. Or perhaps it was an intentional omission. Perhaps when amending the Complaint, the plaintiff simply forgot to include again the allegations she made against AV Leasing in the original Complaint. The original Complaint alleges that "[t]his collision was caused by [Defendant Cramer] . . . and . . . *[Defendant AV Leasing]* is liable based on . . . *the doctrine of* respondeat superior." ECF No. 1 at 4 (emphasis added).

Whatever the reason, this Court does not deal in speculation, it deals in facts. Of course, at this stage, it makes all *reasonable* inferences in favor of the plaintiff. But when it looks at the Amended Complaint, the Plaintiff clearly alleges claims of *respondeat superior* against Triton Logistics and WDTC, not against AV Leasing. It does allege, however, that AV Leasing leased the truck to Triton that was involved in the collision. ECF No. 43 ¶ 3. So, with that core principle of human error and forgiveness in mind, the Court thought that perhaps it missed something. *That* is why the Court issued the Show Cause Order—to afford the plaintiff an opportunity to explain to the Court why its review of the plaintiff's Amended Complaint was incorrect. And when a Court issues such an order, its expectation is that the party to whom that order is directed will respond thoughtfully and offer the Court the information it seeks. The plaintiff did not.

2

Instead, on the date the response was due, the Plaintiff offered a one paragraph response that was numbered as such. ECF No. 151. To be fair, there is a world in which a one paragraph response would have conceivably been appropriate. But there was no substance in this response. It merely referred this Court to another pleading—the plaintiff's Opposition to AV Leasing's Motion for Summary Judgment (ECF No. 95)—and asked the Court to take "judicial notice" of her opposition as its *entire response* to the Order to Show Cause.

No.

First, that is not what judicial notice is. Rule 201 of the Federal Rules of Evidence permits courts to take judicial notice of a fact or facts "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). So, for example, a court here may take judicial notice at a trial that a robbery alleged to have occurred in Virginia Beach, Virginia, is within the Eastern District of Virginia because such a fact cannot be subject to reasonable dispute and is within the trial court's jurisdiction. But what precisely is plaintiff's counsel asking the Court to take judicial notice of here? The existence of the opposition to the motion for summary judgment? It certainly cannot be the "facts" of it.

And that leads the Court to its second concern: Even if judicial notice could be used for purposes of responding to the Show Cause Order, taking judicial notice of the facts in that opposition presupposes that the motion adequately addresses the potential defects in the Amended Complaint, and it further presupposes that there is

3

no dispute about any of those facts. An opposition to a motion is, quite literally, the definition of something that is in dispute. Simply put, asking the Court to take judicial notice of that filing is wholly insufficient for the purpose of responding to an order to show cause.

This response *might* have been excusable, and maybe even understandable, in a world in which this was the first time plaintiff's counsel's response (or lack thereof) had given the Court pause. Sadly, it is not. It is not the first (or even second or third) foray into missing a deadline, responding insufficiently to a directive from the Court, or failing to comply with the requirements outlined in scheduling orders:[1]

    1. *Untimely Responses to Motion in Limine*

        a. On October 1, 2024, the defendant filed a motion to strike as untimely the plaintiff's opposition to a motion in limine to exclude plaintiff's experts. ECF No. 143. Plaintiff failed to respond to the motions to exclude by the deadline, and instead, filed responses six days late. ECF No. 144. Every other party timely filed responses and/or oppositions to motions in limine, except the plaintiff.

        b. Then, on October 3, 2024, the plaintiff filed two motions for leave of Court to file oppositions to defendants' motions to exclude plaintiff's experts, the aforementioned untimely responses. ECF Nos. 149–150. In those motions, plaintiff counsel claims he believed the entire case was stayed by the Court's order canceling the Final Pretrial Conference and the trial pending its ruling on a motion for summary judgment

---

[1] Plaintiff's counsel also appeared before this Court in *Thurman v. Sedlak*, 2:23-cv-536. Counsel had difficulty complying with discovery deadlines in this Court's Scheduling Order in that case, too. *See* ECF No. 45 at 5 ("The plaintiff disclosed her experts nearly a month after the initial disclosure deadline. The plaintiff acknowledges that she missed the disclosure deadline because her counsel's office 'did not properly diar[y]' the Court's deadline and did not realize it until 'after receiving' the [motion to exclude]."). The Court ultimately concluded that the failure to disclose was harmless, but it raises that issue here to flag a concerning and problematic pattern.

and motion to sever. But that Order plainly stated what deadlines were stayed ("All deadlines outlined in parts IX-XIII of the Scheduling Order (ECF No. 28) are **STAYED**."). ECF No. 128. A quick review of the Scheduling Order would have alleviated any potential confusion. And given that all other parties continued to respond to the motions, it strains credulity why plaintiff's counsel continued to believe those deadlines were stayed. Moreover, plaintiff's counsel never reached out to the Court in any way to seek clarification.

2. *Failure to Completely Respond to Court's Order on Expert Filing*

    a. The deadline for submitting dispositive motions was September 17, 2024. At the deadline, the plaintiff filed a two-numbered-paragraph motion to exclude a defense expert that provided zero detail as to the basis for exclusion other than claiming the report was not consistent with *Daubert*. ECF No. 120 at 2. Rather than denying the motion out of hand, the Court attempted to afford the plaintiff another opportunity to flesh out the arguments, even though that would result in a filing out of time. So, the Court issued an Order directing the plaintiff to file a request for leave and in that request explain to the Court why the original motion did not identify or analyze the purported deficiencies in the expert's report. ECF No. 123.

    b. When plaintiff's counsel filed the requested notice, he did not comply with the Court's order. Instead, he submitted a motion with additional analysis of the expert's purported deficiencies but did not address why the first motion failed to do so in the first place, thus denying the Court the ability to evaluate whether it would permit the untimely motion. ECF No. 127. Notwithstanding plaintiff's counsel's failure to comply with the Court's directive, the Court gave him a second chance. It granted the motion for leave to file the motion, stated that it would consider the motion, but reminded plaintiff's counsel that court directives are not optional. ECF No. 129.

3. *Sanctions for Failure to Comply with Discovery Obligations*

    a. The defendants filed a motion for sanctions because the plaintiff, in her responses to interrogatories and requests for production, referred the defendants to document productions that they claim did not exist. ECF Nos. 60–62. Specifically, defendants maintained that plaintiff had failed to produce any

5

> medical records to support her claims, which were two months overdue. ECF No. 61 at 3. The Honorable United States Magistrate Judge Douglas E. Miller ultimately awarded Defendant Cramer $3,106 in fees and costs "as a sanction for Plaintiff's failure to comply with discovery." ECF No. 124.

With this background in mind and given the plaintiff's failure to adequately address the issues outlined in the Show Cause Order, the Court is left with two options: excuse the deficiencies once again or dismiss AV Leasing for the plaintiff's failure to state a claim and/or to adequately prosecute this case. At some point, this Court's orders must have teeth. And if it continues to give plaintiff's counsel a pass, as he seemingly disregards requests from this Court, then ultimately all such orders will ring hollow. This Court cannot abide such a result.

The Court takes no pleasure in arriving at this place. It has never before authored an Order like this, primarily because it recognizes that when counsel puts forth the effort and falls short, there is no reason to excoriate someone for doing their best. But that is not the circumstance that the Court is presented with here. Quite the contrary, it appears that plaintiff counsel's approach has been—more often than not—the path of least resistance. That is not the standard. And it is not this Court's expectation for how litigants will conduct themselves.

Many of the plaintiff's filings in this case speak of fairness and the defendants attempts to shirk responsibility for the significant harm the plaintiff (and others) endured. That is understandable framing for this case. To put it mildly, the facts surrounding the accident at issue in this case are absolutely horrific. And without weighing in on the question of fault, the Court's review of the photographs in the

6

parties' filings and various exhibits further crystallizes the very real tragedy that occurred. And this Court would obviously prefer to adjudicate any claim against any defendant based on the merits rather than dismissing such serious matters because a party has failed to respond to the Court's inquiries. This decision, however, is not about being fair or unfair. It is about plaintiff's counsel's perplexing inability to do what is asked. These requests from the Court are not Herculean. They are, more or less, what is required and expected of every litigant who practices in this District. But plaintiff counsel's failure to comply with the rules of this Court has left us here. In the absence of an actual response to the Court's Order to Show Cause, the Court believes it has no choice but to dismiss this specific action as to AV Leasing for failure to properly state a claim. Fed. R. Civ. P. 12(b)(6).

Accordingly, for the reasons stated herein and for the reasons stated in this Court's Order to Show Cause (ECF No. 135), the Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff Towanda R. Futrell's claims in this action against Defendant AV Leasing, LLC.

Defendant AV Leasing, LLC's Motion for Summary Judgment (ECF No. 89) is **DENIED AS MOOT**.

The **CLERK** is **DIRECTED** to send a copy of this Order to all counsel of record.

/s/

Jamar K. Walker
United States District Judge

Newport News, Virginia
October 7, 2024