IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

TOWANDA R. FUTRELL,

   Plaintiff,

v.                                                                                     Civil Action No. 4:23-cv-00118-JKW-DEM

AV LEASING, LLC,

TRITON LOGISTICS, INC.,

DANIEL L. CRAMER, and

WDTC, LLC,

   Defendants/Third-Party Plaintiffs,

v.

ANTONIO WIGGINS

and

FUTRELLS PARTY ADVENTURES, LLC,

   Third-Party Defendants.

## SUPPLEMENTAL BRIEF IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION TO SEVER

Third-Party Defendants Antonio Wiggins and Futrell's Party Adventures, by counsel, respectfully submit the following Supplemental Brief in Support of their Motion to Sever. (ECF No. 114).

**I. Futrells Party Adventures, LLC**

In response to the Court's Order dated March 5, 2025, (a) Futrells Party Adventures, LLC ("FPA") is a limited liability corporation ("LLC"), (b) Towanda Futrell was the sole member of FPA as of December 16, 2022, and (c) Towanda Futrell was the sole member of the FPA on the

date the Complaint was filed in this case. FPA did not have any employees on December 16, 2022 nor did it have any employees on the date Towanda Futrell's Complaint was filed. Any work performed on behalf of FPA was by independent contractors paid on a per job basis.

## II. ANSWERS TO THE COURT'S QUESTIONS

1. **To what extent may FPA be held liable for the negligent actions of its shareholders, members, managers, officers, or employees?**

In this case, FPA may not be held liable for alleged negligent actions of its sole member, Towanda Futrell, as Ms. Futrell is the Plaintiff. It is well-established "that a contribution plaintiff cannot recover from a contribution defendant unless injured party could have recovered against contribution defendant." *Pierce v. Martin for Benefit of Com. Union Ins. Co.*, 230 Va. 94, 96 (1985); *see also Level 3 Commc'ns, LLC v. Webb, Inc.*, No. 3:12CV82-DJN, 2012 WL 2199262, at *6 (E.D. Va. June 14, 2012); *Kohl's Dep't Stores, Inc. v. Target Stores, Inc.*, 214 F.R.D. 406, 414 (E.D. Va. 2003). Additionally, FPA did not and does not have employees and cannot be held responsible for the actions of independent contractors. Third-party plaintiffs cannot recover against FPA since Towanda Futrell cannot recover against FPA for alleged negligent actions.

2. **If Towanda R. Futrell was a shareholder, member, manager, officer or employee of FPA as of December 16, 2022, may she be held liable for negligence attributable to FPA?**

The only way that Towanda Futrell may be held liable for alleged negligence attributable to FPA is if Third-Party plaintiffs sought to pierce the corporate veil, which they have not. If the third-party plaintiffs seek to pierce the corporate veil they will be unsuccessful.

A limited liability company is an entity that "shields its members from personal liability based on actions of the entity." *Remora Invs., L.L.C. v. Orr*, 277 Va. 316, 321–22, 673 S.E.2d 845, 847 (2009)(internal citations omitted). A limited liability company "is a legal entity entirely

separate and distinct from the shareholders or members who compose it." *Id.* (internal citations omitted).

A decision to pierce the corporate veil "constitutes an **extraordinary exception** to be permitted only when it becomes necessary to promote justice." *Inertialwave, Inc. v. SP Glob., Inc.*, No. 1:22CV1398, 2023 WL 4940531, at *8 (E.D. Va. May 31, 2023), *report and recommendation adopted*, No. 122CV1398MSNJFA, 2023 WL 4934997 (E.D. Va. Aug. 1, 2023). The party seeking to pierce the corporate veil bears the burden of proof, and must show that (1) "the corporate entity was the alter ego*,* alias, stooge, or dummy of the individuals sought to be charged personally **and** [2] that the corporation was a device or sham used to **disguise wrongs, obscure fraud, or conceal crime**." *Id*. (***emphasis added***.)

Third-Party plaintiffs have failed to assert that they are seeking to pierce the corporate veil and to the extent they attempt to, they will be unsuccessful as it is an extraordinary exception. Even if Third-Party Plaintiffs could pierce the corporate veil, Ms. Futrell, on behalf of FPA, cannot be responsible for contribution since she, as the injured party in this suit, could not recover against "contribution defendant" FPA. *See Pierce v. Martin for Benefit of Com. Union Ins. Co.*, 230 Va. 94, 96 (1985); *see also Level 3 Commc'ns, LLC v. Webb, Inc.*, No. 3:12CV82-DJN, 2012 WL 2199262, at *6 (E.D. Va. June 14, 2012*); Kohl's Dep't Stores, Inc. v. Target Stores, Inc.*, 214 F.R.D. 406, 414 (E.D. Va. 2003).

3. **Which actions that form the basis of the negligence counts that Cramer and WDTC assert against FPA in the third-party complaint, see ECF No. 53, at 2-7, may be attributed to Towanda R. Futrell for purposes of establishing contributory negligence?**

There are no actions that form the basis of the negligence counts asserted by Cramer and WDTC against FPA that may be attributed to Towanda Futrell. As stated above, for Towanda Futrell to be held accountable for actions of FPA (for the alleged negligence in Cramer and

WDTC's complaints to form the basis for establishing contributory negligence against Towanda Futrell), Third-Party Plaintiffs' would need to first ask the Court to pierce the corporate veil, which they have not done. Then Third-party plaintiffs would need to show that (1) FPA is the alter ego of Towanda Futrell and (2) that FPA is "a device or sham used to **disguise wrongs, obscure fraud, or conceal crime**." *See Inertialwave, Inc. v. SP Glob.*, Inc., No. 1:22CV1398, 2023 WL 4940531, at *8. Third-party plaintiffs will be unable to satisfy either prong of the analysis.

Contributory negligence defenses asserted by Defendants/Third-party Plaintiffs against Towanda Futrell individually, in their answers, are separate and distinct from their claims of equitable indemnification and contribution against FPA and Antonio Wiggins. As defense counsel for FPA and Antonio Wiggins, we cannot provide additional argument regarding the contributory negligence defenses asserted against Towanda Futrell individually. The contributory negligence defenses are more appropriately litigated by Ms. Futrell's counsel and Third-Party Plaintiffs' counsel. The complexity of these issues and thus high likelihood of jury confusion necessitates severance. FPA and Antonio Wiggins will be prejudiced by the failure to sever. *See RAI Strategic Holdings, Inc. v. Altria Client Servs. LLC,* No. 1:20cv393, 2020 WL 6882646, at *2 (E.D. Va. Sept. 3, 2020).

> **4. Which of Towanda R. Futrell's actions that form the basis of the negligence counts that Cramer and WDTC assert against FPA in their third-party complaint, see ECF No. 53, at 2-7, can be attributed to FPA?**

There are no actions that form the basis of the negligence counts asserted by Cramer and WDTC against FPA that may be attributed to Towanda Futrell. If Towanda Futrell's alleged actions could form the basis for negligence counts against FPA, Third-Party Plaintiffs claims for contribution and equitable indemnification against Third-Party Defendants fail. FPA cannot be

responsible for contribution since Towanda Futrell, as the injured party in this suit, cannot recover against contribution defendant FPA. *See Pierce v. Martin for Benefit of Com. Union Ins. Co.*, 230 Va. 94, 96 (1985); *see also Level 3 Commc'ns, LLC v. Webb, Inc.*, No. 3:12CV82-DJN, 2012 WL 2199262, at *6 (E.D. Va. June 14, 2012*); Kohl's Dep't Stores, Inc. v. Target Stores, Inc.*, 214 F.R.D. 406, 414 (E.D. Va. 2003). Third-party plaintiffs claim for equitable indemnification fails as third-party plaintiffs are not without fault. *See Carr v. Home Ins. Co.*, 250 Va. 427, 429 (1995).

5. **What is the relationship between the facts necessary for: (a) defendants/third-party plaintiffs to prove their contribution claim against third-party defendants; and (b) defendants/third-party plaintiffs to establish Towanda R. Futrell's contributory negligence?**

Defendants/Third-party plaintiffs will be unable to prove their contribution claim against third-party defendants. FPA cannot be responsible for contribution since Towanda Futrell, as the injured party in this suit, cannot recover against "contribution defendant" FPA as she is the sole member and has no employees. *See Pierce v. Martin for Benefit of Com. Union Ins. Co.*, 230 Va. 94, 96 (1985); *see also Level 3 Commc'ns, LLC v. Webb, Inc.*, No. 3:12CV82-DJN, 2012 WL 2199262, at *6 (E.D. Va. June 14, 2012*); Kohl's Dep't Stores, Inc. v. Target Stores, Inc.*, 214 F.R.D. 406, 414 (E.D. Va. 2003). As defense counsel for FPA and Antonio Wiggins, we cannot provide additional argument regarding the defense of contributory negligence asserted against Towanda Futrell in the Third-Party Plaintiffs' Answer - it is more appropriately litigated by Ms. Futrell's counsel and Third-Party Plaintiffs' counsel. The complexity of these issues and thus high likelihood of jury confusion necessitates severance. FPA and Antonio Wiggins will be prejudiced by the failure to sever. *See RAI Strategic Holdings, Inc. v. Altria Client Servs. LLC,* No. 1:20cv393, 2020 WL 6882646, at *2 (E.D. Va. Sept. 3, 2020).

6. **Does the doctrine of piercing the corporate veil inform the Court's analysis of the motion to sever? If so, how?**

A decision to pierce the corporate veil "constitutes an **extraordinary exception** to be permitted only when it becomes necessary to promote justice." *Inertialwave, Inc. v. SP Glob., Inc.*, No. 1:22CV1398, 2023 WL 4940531, at *8 (E.D. Va. May 31, 2023), *report and recommendation adopted*, No. 122CV1398MSNJFA, 2023 WL 4934997 (E.D. Va. Aug. 1, 2023). The party seeking to pierce the corporate veil bears the burden of proof, and must show that (1) "the corporate entity was the alter ego, alias, stooge, or dummy of the individuals sought to be charged personally **and** [2] that the corporation was a device or sham used to **disguise wrongs, obscure fraud, or conceal crime**." *Id*. Third-Party plaintiffs have not asked the Court to pierce the corporate veil. To the extent, Third-Party plaintiffs ask the Court to do so, Third-party defendants object as the Third-party plaintiffs are unable to satisfy the two prongs of the test.

7. **Could Towanda R. Futrell bring a negligence action against FPA?**

Towanda Futrell cannot bring a negligence action against FPA as she is the sole member of FPA since someone cannot sue themself. As defense counsel for FPA and Antonio Wiggins, we cannot provide additional argument.

8. **What basis do defendants/third-party plaintiffs have to assert claims of equitable indemnification against third-party defendants?**

Defendants/third-party plaintiffs do not have a basis to assert claims of equitable indemnification against FPA and Antonio Wiggins. "Equitable indemnification arises when a party *without personal fault*, is nevertheless legally liable for damages caused by the negligence of another." *Carr v. Home Ins. Co.*, 250 Va. 427, 429 (1995). The "innocent party" may recover from the negligent actor for the amounts paid to discharge the liability. *Id*. A ***prerequisite*** to

recovery is the initial determination that the negligence of another person caused the damage. *Id*. Third-Party Plaintiffs are not "innocent" parties in this case and are not legally liable for damages allegedly caused by any alleged negligence of the Third-Party Defendants, but are liable for damages caused by their own negligence. Therefore, Third-Party Plaintiffs have no basis to assert claims of equitable indemnification against third-party defendants.

### III. CONCLUSION

For the reasons above, the reasons stated in the Brief in Support and the reasons stated in the Reply Brief, Third-Party Defendants Antonio Wiggins and Futrell's Party Adventures respectfully request that this Court grant their Motion to Sever, ECF No. 114, and sever the Plaintiff's claims against Defendants/Third-Party Plaintiffs and the Third-Party Plaintiffs' claims in their Third-Party Complaints against Futrell's Party Adventures and Antonio Wiggins for a separate trial.

**ANTONIO WIGGINS AND FUTRELLS PARTY ADVENTURES LLC**

By Counsel

 /s/ Angela R. MacFarlane
Danielle D. Giroux (VSB No. 45401)
Harman, Claytor, Corrigan & Wellman
1900 Duke Suite, Suite 210
Alexandria, VA 22314
804-747-5200 - Phone
804-747-6085 - Fax
dgiroux@hccw.com

Angela R. MacFarlane (VSB No. 87776)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
amacfarlane@hccw.com